UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

v.                                         Case No. 16-11162

MIKE MORRIS, et al.,

    Defendants.
                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL,
ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE**

Plaintiff John Isaac Harris filed his *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that Defendants, all employed by or associated with Eastern Michigan University, violated his civil rights while he was studying for a Master's of Public Administration degree. (Dkt. # 1.) Defendants filed a motion to dismiss, which this court referred to Magistrate Judge Stephanie Dawkins Davis pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is the magistrate judge's report and recommendation (Dkt. # 18), advising that Defendants' motion be granted. Plaintiff has timely filed objections to the report and recommendation (Dkt. # 19), to which Defendants have responded (Dkt. # 20).

## I.  RECUSAL

At the outset, the court must address the motion for recusal (Dkt. # 3) filed by Plaintiff. Under 28 U.S.C. § 455(a) and (b)(1), a federal judge must disqualify himself from a proceeding where his "impartiality might reasonably be questioned" or "[w]here

he has a personal bias or prejudice concerning a party."[1] The statute is "not based on the subjective view of a party[.]" *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (citation omitted). Rather, it "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 616 (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)) (internal quotation marks omitted). The burden is on the moving party to justify disqualification. *Id.* Where the question is close, prudence dictates that a judge recuse himself. *U.S. v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citation omitted). However, "a federal judge has a duty to *sit* where *not disqualified*, which is equally as strong as the duty to *not sit* where *disqualified*." *Laird v. Tatum*, 409 U.S. 824, 837 1972) (separate memorandum of Rehnquist, J.) (emphasis in original) (collecting cases).

Plaintiff argues that the court "would be biased and prejudiced him personally" because he filed a judicial misconduct complaint against this court following the court's dismissal of a prior case filed by Plaintiff. (Dkt. # 3, Pg. ID 119.) Plaintiff goes on to complain that the court was "unnecessarily harsh on him" in the previous case, *Harris v. Detroit Public Schools*, Case No. 12-12331, 2012 WL 4212241 (E.D. Mich. September 20, 2012), and allege that the court "has a strong relationship with" Governor Rick

---

[1] Plaintiff also references recusal under 28 U.S.C. § 144. Section 144 requires an affidavit, which Plaintiff did not file. *See Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir. 1988); *Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341, 353 (6th Cir. 2007) ("The requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal.") (citing *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004)). In any event, the court finds that recusal is unnecessary under either provision.

Snyder as evidenced by the court "acting as if [it were] the defense attorney" for the Governor in the prior case. (Dkt. # 3, Pg. ID 119-21).

A judge's prejudice or bias may stem from either personal or extrajudicial sources, or may arise during the course of current or prior proceedings. *Liteky v. United States*, 510 U.S. 540, 555 (6th Cir. 2012). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988) (quoting *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983)) (internal quotation marks omitted). Plaintiff's disagreements with how the court interpreted and applied the law in the prior case do not suggest bias. *See Likely*, 510 U.S. at 555 ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal.") (internal citation omitted). Neither do comments the court may have made that Plaintiff took to be "unnecessarily harsh." *See id.*, at 555-56 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.") (emphasis in original).

Nor must the court automatically recuse itself because Plaintiff has previously filed a judicial misconduct complaint. *See Smith v. Kansas Dep't of Corrections*, 455 Fed. Appx. 841, 844 (10th Cir. 2011) ("Recusal in a court case is not required because the judge is the subject of a misconduct proceeding filed by a litigant in that case."); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal."); *In re Mann*, 299 F.3d 657, 658 (7th

3

Cir. 2000); *see also, e.g., Sango v. Johnson*, 2014 WL 8186701, at *1 n.1 (E.D. Mich. October 29, 2014) (Grand, M.J.) (plaintiff's judicial misconduct complaint and civil action against magistrate judge did not require recusal). This is particularly true given that Plaintiff has apparently filed misconduct complaints against other judges in this district. (*See* Dkt. # 3, Pg. ID 119.) "Care must be taken . . . that the motion to recuse does not become a device by which . . . dissatisfied parties . . . may judge-shop by provoking the removal of judges whom they perceive to be unsympathetic to their cause." *Kelley v. Metropolitan Cnty. Bd. of Ed. of Nashville and Davidson Cnty., Tennessee*, 479 F.2d 810, 813 (6th Cir. 1973).

Plaintiff's other allegations are conclusory or immaterial. The court is mindful that, in a close case, judges should err on the side of recusal. *See Dandy*, 998 F.2d at 1349. However, this is not a close case. The mere fact that Plaintiff has previously filed a frivolous misconduct complaint against this court based on Plaintiff's disagreement with the court's interpretation and application of the law in an unrelated case would not cause "a reasonable person with knowledge of all the facts" to conclude that the court's "impartiality might reasonably be questioned." *Burley*, 834 F.3d at 616. Accordingly, the court will deny Plaintiff's motion for recusal.

## II. REPORT AND RECOMMENDATION

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to examine the relevant pleadings

4

and such evidence as may have been submitted in support of the motions to determine the outcome of the motions. A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Discussion of Plaintiff's objections is complicated by his failure to organize his brief as directed by the report and recommendation, which requires that each objection be clearly labeled as "Objection No. 1," "Objection No. 2," and so on, and that each objection "recite precisely the provision of [the report and recommendation] to which it pertains." (Dkt. # 18, Pg. ID 363.) Rather, Plaintiff's series of "Response[s] to Objection[s]" is mislabeled and does not clearly identify the portion of the report and recommendation to which it refers. (*See* Dkt. # 19.) Nevertheless, the court will endeavor to consider Plaintiff's listed objections.

Following his list, the balance of Plaintiff's brief largely reasserts the allegations in his complaint and the arguments made in his prior briefs, as well as accusing the magistrate judge and this court of impropriety. (*See id.* at Pg. ID 370-85.) This portion of

5

Plaintiff's brief does not properly raise a specific objection and the court declines to consider it. *See Spencer*, 449 F.3d at 725.

In his first listed objection, titled "Response to Objection No. 2," Plaintiff asserts that the magistrate judge "fail[ed] to properly recognize the authority of Race Discrimination in Education under federal law[.]" (Dkt. # 19, Pg. ID 366.) However, the magistrate judge explained that Plaintiff complaint did not properly plead specific allegations of disparate treatment. In particular, the magistrate judge explained that Plaintiff's generalized claims that white students were treated differently in class, and that Plaintiff was treated differently from his class partner—whose race was not identified—are insufficient. (Dkt. # 18, Pg. ID 358.) Plaintiff has failed to allege with specificity how Defendants treated non-black students differently from how he was treated, or that another non-black student engaged in the same conduct he did, but was treated more favorably. Absent specific, factual, nonconclusory allegations of disparate treatment, Plaintiff fails to state an equal protection claim. *See Raymond v. O'Connor*, 526 Fed. Appx. 526, 530 (6th Cir. 2013).

In his first objection, Plaintiff also avers that the magistrate judge "failed to properly recognize counts 23-283 and the supporting evident (sic) filed/provided with [the complaint]." (Dkt. # 19, Pg. ID 367). However, the magistrate judge cites to numerous portions of Plaintiff's 81 page complaint throughout the report and recommendation, and valiantly works to address the entirety of Plaintiff's bewildering jumble of claims. The court sees no evidence that the magistrate judge wrongly disregarded any portion of the complaint, and Plaintiff provides none.

Next is Plaintiff's second objection, also labeled "Response to Objection No. 2." (*Id.*) Here, Plaintiff argues that the magistrate judge "failed to properly recognize that the Defendants cannot deny the Plaintiff his First & Fourteenth Amendment rights under the Constitution." (*Id.*) Plaintiff goes on to list a variety of asserted rights that he alleges the magistrate judge failed to recognize, but provides no authority for the existence of those rights or any explanation of how the magistrate judge improperly failed to recognize them. (*Id.*) The court has reviewed the magistrate judge's discussion of rights secured under the Due Process and Equal Protection clauses of the Fourteenth Amendment, and finds no error. Neither did the magistrate judge err in finding that Plaintiff's complaint failed to state a claim under the First Amendment. (*See* Dkt. # 18, Pg. ID 360-62.)

Plaintiff's third objection refers to Plaintiff's response to the motion to dismiss and Defendants' reply, and generally asserts that the magistrate judge "failed to properly recognize the date of the said documents file (sic) by the Plaintiff." (Dkt. # 19, Pg. ID 368.) Plaintiff goes on to state, "The Magistrate failed to properly recognize, avoided any consideration of the Plaintiff general arguments in his filed response and defendants filed their spurious reply that doesn't respect the rule of law or the U.S. Constitutional issues." (*Id.* (sic).) Plaintiff provides no further explanation. This objection is nonsensical and the court overrules it as such.

Fourth, Plaintiff objects to the magistrate judge's refusal to consider his sur-reply to Defendants' motion to dismiss, filed without leave of court. (*See* Dkt. # 15.) Eastern District of Michigan Local Rule 7.1(e)(1) sets out the briefing schedule for motions to dismiss. Under the rules, Plaintiff is entitled only to his response brief unless the

7

magistrate judge or the court orders otherwise. See E.D. Mich. LR 7.1(d)(1). As Plaintiff filed his sur-reply without leave of court, the magistrate judge was free to disregard it.

Fifth, Plaintiff objects to the magistrate judge issuing her report and recommendation while his motion for recusal was pending. (Dkt. # 19, Pg. ID 368.) As the court will deny Plaintiff's motion for the reasons discussed above, the court will overrule this objection.

Lastly, Plaintiff objects to the magistrate judge's determination of the motion without oral argument and generally asserts that the magistrate judge "failed to properly follows (sic) the rule of law" and the rules of civil procedure. (*Id.*) However, courts routinely decide motions, including dispositive motions, without a hearing as provided in E.D. Mich. LR 7.1(f)(2). Plaintiff's final objection will be overruled as well.

## IV. CONCLUSION

The court has read the report and recommendation and finds that it is well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's Objections (Dkt. # 19) are OVERRULED. The magistrate judge's Report and Recommendation (Dkt. # 18) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Dkt. # 7) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for recusal (Dkt. # 3) is DENIED.

s/Robert H. Cleland             /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 8, 2017, by electronic and/or ordinary mail.

s/Shawna C. Burns                   /
Case Manager Generalist
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-11162.HARRIS.deny.recusal.adopt.R&R.dismiss.TLH.docx